## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

March 2, 2006

The Honorable Ronald D. Hankins
Somervell County Attorney
Post Office Box 1335
Glen Rose, Texas 76043

Opinion No. GA-0408

Re: Authority of a municipality with a population of fewer than 35,000 to impose a hotel occupancy tax in its extraterritorial jurisdiction when the combined rate of state, county, and municipal hotel occupancy taxes would exceed 15 percent (RQ-0390-GA)

Dear Mr. Hankins:

You ask about the authority of a municipality with a population of fewer than 35,000 to impose a hotel occupancy tax in its extraterritorial jurisdiction when the combined rate of state, county, and municipal taxes would exceed 15 percent.[1]

The state imposes a hotel occupancy tax at the rate of 6 percent of the price paid for a hotel room. *See* TEX. TAX CODE ANN. §§ 156.051a, .052 (Vernon 2002 & Supp. 2005). Section 352.002 of the Tax Code authorizes various counties having certain characteristics to impose a hotel occupancy tax at a rate that generally may not exceed 7 percent. *Id.* §§ 352.002, .003(a) (Vernon Supp. 2005). Section 351.002 of the Tax Code authorizes municipalities to impose a hotel occupancy tax at a rate that generally may not exceed 7 percent. *Id.* §§ 351.002, .003 (Vernon 2002). A municipality with a population of fewer than 35,000 may impose the tax in its extraterritorial jurisdiction. *Id.* § 351.0025(a). However, such a "municipality may not impose a tax [in its extraterritorial jurisdiction] if as a result of the adoption the combined rate of state, county, and municipal hotel occupancy taxes in the extraterritorial jurisdiction exceeds 15 percent of the price paid for a room in a hotel." *Id.* § 351.0025(b).

You inform us that the City of Glen Rose ("Glen Rose") in Somervell County adopted by ordinance of October 1, 1996, a municipal hotel occupancy tax at the rate of 7 percent that it also imposes in its extraterritorial jurisdiction under section 351.0025(a). *See* Request Letter, *supra* note 1, at 1. You state that Glen Rose currently collects taxes from three hotels in its extraterritorial jurisdiction. *Id.* You also inform us that Somervell County is authorized to impose a tax under

[1]*See* Letter from Honorable Ronald D. Hankins, Somervell County Attorney, to Honorable Greg Abbott, Attorney General of Texas (Aug. 23, 2005) (on file with the Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

section 352.002(a)(9). *See id.*; *see also* TEX. TAX CODE ANN. § 352.002(a)(9) (Vernon Supp. 2005). You advise us that, in 2005, the Somervell County Commissioners Court passed an order imposing a tax at the rate of 7 percent for all hotels in the county. *See* Request Letter, *supra* note 1, at 2. Because of recent legislation, the tax may not be imposed at hotels within Glen Rose. *See* TEX. TAX CODE ANN. § 352.002(d) (Vernon Supp. 2005) (providing that the tax imposed by a county authorized by subsection (a)(9) "does not apply to a hotel located in a municipality that imposes a tax under Chapter 351 applicable to the hotel"). Your question is about exercising taxing authority in Glen Rose's extraterritorial jurisdiction. As you note, the tax rates of the state (6 percent), the county (7 percent), and the city (7 percent) when combined would exceed 15 percent. *See* Request Letter, *supra* note 1, at 2. Section 351.0025(b) clearly prohibits a municipality from adopting an ordinance imposing a municipal hotel occupancy tax at a rate that when combined with existing state and county taxes would exceed 15 percent. *See* TEX. TAX CODE ANN. § 351.0025(b) (Vernon 2002). You ask, however, whether the county or the municipality has priority under section 351.0025(b) when the municipality adopted its tax prior to the county's adoption of its tax. *See* Request Letter, *supra* note 1, at 2. If the county has priority, you ask whether the municipality may adopt a tax at a rate so that the combined rate does not exceed 15 percent under section 351.0025(b). *See id.*

We are to construe section 351.0025, if possible, according to its plain language. *See Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 865–66 (Tex. 1999). The section provides as follows:

> (a) A municipality with a population of less than 35,000 by ordinance may impose the tax authorized under Section 351.002 in the municipality's extraterritorial jurisdiction.

> (b) The municipality may not impose a tax under this section if as a result of the adoption the combined rate of state, county, and municipal hotel occupancy taxes in the extraterritorial jurisdiction exceeds 15 percent of the price paid for a room in a hotel.

TEX. TAX CODE ANN. § 351.0025(a)–(b) (Vernon 2002). Section 351.0025(b) plainly limits the authority of municipalities, not counties, to impose a hotel occupancy tax in the municipality's extraterritorial jurisdiction. *Id.* § 351.0025(b). Thus, it is not a question of priority between the municipality and the county. The pertinent inquiry is whether section 351.0025(b) is construed either (1) as an absolute cap requiring Glen Rose to cease imposing the tax in its extraterritorial jurisdiction at the 7 percent rate or (2) as a prohibition only against imposing a new tax or a new rate that results in a combined rate exceeding 15 percent.

Section 351.0025(b) limits a municipality's authority to "impose" a tax under certain circumstances. *See id.* The common meaning of the word "impose," in the context of imposing a tax, is "to establish or apply by authority." *See* MERRIAM WEBSTER'S COLLEGIATE DICTIONARY 583 (10th ed. 1993); *see also* TEX. GOV'T CODE ANN. § 311.011(a) (Vernon 2005) (general rule of statutory construction to give words their ordinary meaning). Consequently, under section 351.0025(b), "impose" could refer either to establishing a tax, applying the tax, or both.

The statute clarifies that the intended meaning of "impose" is to establish a tax. The key phrase is "as a result of the adoption." TEX. TAX CODE ANN. § 351.0025(b) (Vernon 2002). Had that phrase been omitted, then section 351.0025(b) would operate as an absolute cap limiting the municipality's authority to impose a tax regardless of when the county adopted its tax ("The municipality may not impose a tax under this section if . . . the combined rate of state, county, and municipal hotel occupancy taxes in the extraterritorial jurisdiction exceeds 15 percent . . . ."). But by including the phrase "if as a result of the adoption," section 351.0025(b) makes the act of adopting a tax a condition to the subsection's application. *Id.* Under section 351.0025(a), a municipality imposes a tax by adopting an ordinance. *See id.* § 351.0025(a). Section 351.0025(b) suggests that it applies only when a municipality's adoption of a tax ordinance directly and immediately causes the combined rate to exceed 15 percent. Here, the combined rate did not exceed the maximum when the municipality adopted its tax. The combined rate did not exceed 15 percent until the county adopted its tax.

Of course, in a broader sense, the excess combined rate under section 351.0025(b) was a "result" of a municipality's adoption of a tax even though the municipality adopted its tax years before the county adopted its tax. But that will always be the case. "[W]hen possible to do so, effect must be given to every sentence, clause, and word of a statute so that no part thereof be rendered superfluous or inoperative." *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 29 (Tex. 2003) (quoting *Spence v. Fenchler*, 180 S.W. 597, 601 (Tex. 1915)). If the phrase "as a result of the adoption" means only that the statute applies when a municipality's tax is one of the causes of a combined rate in excess of 15 percent, then the phrase attaches a meaningless condition. To give the phrase meaning that is not superfluous, we construe section 351.0025(b) as inapplicable if the combined rate of state, county, and municipal taxes did not exceed 15 percent at the time the municipality adopted its hotel occupancy tax.

Section 351.0025 contrasts markedly with the language the legislature has used when it intended the taxing authority of one political subdivision to be subject to the later action of another subdivision. For example, section 352.002(e) clearly provides that the specified county may have its authority to tax restricted due to the subsequent act of a municipality in the county:

> [T]he tax imposed by a county authorized by Subsection (a)(17) to impose the tax does not apply to a hotel located in the extraterritorial jurisdiction of a municipality that imposes a tax under Chapter 351 applicable to that hotel. If, after the date the county begins to impose a tax under this chapter, a municipality in the county adopts an ordinance under Section 351.0025 authorizing the imposition of the municipal tax in the municipality's extraterritorial jurisdiction, the county may not impose a tax applicable to a hotel located in that territory on or after the date the municipality begins to impose that tax.

TEX. TAX CODE ANN. § 352.002(e) (Vernon Supp. 2005); *see also id.* § 321.102(e) (Vernon 2002) (providing for an automatic reduction of a local government entity's sales and use tax "[i]f as a result

of the imposition" of a sales and use tax the combined tax rate in the area exceeds 2 percent). In section 351.0025(b), if the legislature had intended for a municipality's authority to tax to be restricted by later actions of the county, it could have said so. We conclude that a municipality that has exercised its authority to impose a hotel occupancy tax under section 351.0025(a) does not lose that authority when the county's later adoption of a county tax results in a combined state, county, and municipal tax rate that exceeds 15 percent. Accordingly, it is unnecessary to address your remaining question.

## S U M M A R Y

Section 351.0025(b) of the Tax Code prohibits a municipality with a population of fewer than 35,000 from adopting and imposing a hotel occupancy tax in its extraterritorial jurisdiction when the combined rate of state, county, and municipal taxes would exceed 15 percent. The section does not, however, prohibit a municipality from imposing its tax if the combined rate did not exceed 15 percent when the municipality adopted its tax but exceeds that rate after the county adopts a county tax.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

ELLEN L. WITT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee